ALBANY,
January, 1821.

BANK OF AU-
BURN
v
THROOP.

BANK OF AUBURN *against* THROOP.

WEED and AIKIN *against* the Same.

THE defendant, *T.*, was the maker of a promissory note endorsed by *W. & A.*, plaintiffs in the second suit, which was discounted at the *Bank of Auburn*, for the benefit of *T.* The note being protested for non-payment, the *Bank of Auburn* commenced a suit against *T.*, and recovered a judgment against him on the 27th of *October*, and a *fi. fa.* was issued on the same day. *T.*, for the security and indemnity of the endorsers, previously confessed a judgment in their favour, which was entered up on the 14th of *August*, and a *fi. fa.* issued thereon, on the 10th of *October;* both executions were delivered to the sheriff of *Cayuga.* The *Bank of Auburn*, plaintiffs in the first suit, having, as was stated in the affidavits, reason to apprehend, that the money raised on the execution in favour of *W. & A.*, was not intended to be applied to the payment of the judgment in favour of the bank, now applied to the Court for a rule directing the sheriff of *C.*, out of the proceeds of the sale of the real and personal property of the defendant, on the executions in his hands, first to pay and satisfy the execution in favour of the bank.

*Foot* and *Cady*, in support of the motion. They cited *Smith* v. *Page*, 15 *Johns. Rep.* 395. *Lansing* v. *Orcutt*, 16 *Johns. Rep.* 4. *Lambert* v. *Paulding*, ante, 371. *Williams* v. *Rogers*, 5 *Johns. Rep.* 163.

*Butler*, contra.

*Per Curiam.* We have no doubt of our power to control the process of the Court, in such a case as this, for the purposes of justice and equity, and to prevent the necessity of resorting to a Court of Chancery. This Court will take

Where the maker of a promissory note, protested for non-payment, confessed a judgment in favour of the endorser, for his security, and the holders who had previously sued the maker, afterwards recovered judgment against him; and executions on both judgments were in the hands of the sheriff, though the execution on the judgment in favour of the endorser, was first delivered; the Court, on motion of the holders, plaintiffs in the second suit, ordered the sheriff, out of the moneys arising from the sale of the defendant's property, first to pay and satisfy the second execution in favour of the holders of the note.

ALBANY,
January, 1821.

THE CORPORA-
TION OF NEW-
YORK
v.
DOVER-STREET.

notice of the equitable rights of parties clearly ascertained; and this is a clear case, in which all full and complete justice may be done to all parties as in a Court of equity. We shall, therefore, grant the motion.

Rule granted.