OTTMAN *v.* R. and W. T. MOAK.

A SURETY, on paying the debt of his principal, is entitled to the benefit of securities obtained by the creditor through a sale on a judgment for the same debt, recovered against the principal debtor.

An infant purchased goods and executed a mortgage thereon for the purchase money.—*Held*, after he became of full age, that he was at liberty to affirm or disaffirm the mortgage. If he affirmed it, he must pay the amount or deliver the goods, according to its tenor. If he disaffirmed the mortgage, he must restore the goods, or account for their value. He cannot affirm the sale and keep the goods, and at the same time repudiate the mortgage.

An assignment of a mortgage, carries with it all the incidents to its payment. Thus, in the instance of the infant's mortgage, it was held that an assignment carried the mortgagee's right to an account, and to the chattels mortgaged, as well as to an action for those converted; whether the infant affirmed, or disaffirmed the mortgage.

Albany, January 19; March 16, 1846.

REUBEN MOAK, a merchant in Schoharie county, became deeply indebted and insolvent, and his goods were levied upon and sold by virtue of an execution in favor of John Moak. Most of the goods were bid off by a son of the latter in his behalf, and were then sold without being removed, to William T. a son of Reuben Moak, who continued the business in the same store, with his father aiding him. To secure the price of the goods bought of John M., William T. executed to him a mortgage on the same goods, payable at a future day. At the time of the sale and the execution of the mortgage, William T. Moak was an infant, and he did not attain his full age, till after the proofs in this cause were closed.

David Ottman was a surety for Reuben Moak in the debt to John, and subsequently paid the same to the latter, and took an assignment of the mortgage. On the mortgage falling due and remaining unpaid, he took possession of such of the goods mortgaged as remained unsold, and sold the same; the proceeds amounting to about half the mortgage debt. He then filed the bill in this cause against Reuben and William T. Moak, claiming an account of the goods mortgaged which they had sold, and payment therefor. He also alleged fraud in the transaction by

which W. T. M. became the purchaser ; and that he was a trustee for Ottman ; and some other matters. The cause was heard on the pleadings and proofs.

A. *Dean*, for the complainant.

*Deod. Wright*, for the defendants.

THE ASSISTANT VICE-CHANCELLOR.—I do not think the alleged fraud upon the complainant, or the trust set up in the bill, is so clearly established against the answer of the defendants, as to warrant the court in making a decree on either ground specifically. Enough is apparent however, to exonerate the complainant from costs, if the case turned on these points alone.

In respect of the mortgage on the goods, W. T. Moak invokes the protection of the court, on the ground of his infancy when the contract was made. I think he is entitled to his election to affirm it or to disaffirm it ; and as he is now of full age, he may exercise the election either before the master, or by the service of a notice on the complainant's solicitor. But he is mistaken in supposing that his infancy would relieve him from this suit.

If he thought the mortgage were given for more than the goods were worth, it was incumbent on him to offer to restore the goods or account for their proceeds. And if he preferred to affirm the contract, he should have paid the mortgage.

There is no doubt of the complainant's right to the whole mortgage, and to all its incidents.

In the first instance, he was a surety for John Moak, as to the indebtedness of Reuben Moak upon which John was the first indorser, and therefore John's judgment, execution and sale against Reuben, enured in equity to his benefit. (See *Curtis* v. *Tyler*, 9 Paige, 432 ; *Bank of Auburn* v. *Throop*, 18 Johns. 505.) The transfer of the mortgage to the complainant, merely gave to him a legal title in the proceeds of the sale on the execution, in accordance with the equitable right with which he was before vested, to have such proceeds applied to the extinguishment of his liability for Reuben Moak.

Aside from this, the assignment of the mortgage, carried with

it the debt, and by consequence, all the incidents to its payment, which the mortgage had effected or could effect.   It transmitted the mortgagee's right to an account, or to an action at law, for the chattels which had been sold, as well as his title in those which remained. ₒ The objection of a remedy at law was not raised till the hearing.   It does not show an entire want of jurisdiction in this court, if it were well taken.   But I think under the circumstances, the suit was well brought in equity.

The complainant is entitled to a decree for an account against W. T. Moak; and as Reuben is a party, it may be extended to his agency in the matter, while acting, as he represents, under his son William.

If W. T. Moak elect to disaffirm the mortgage, he must account for the value of the goods, with interest from the time he received them from Alexander Moak.   If he prefer to affirm the transaction, he must account for the amount of the mortgage with interest, being credited thereon with the net proceeds realized by the complainant from the goods which he took, and with all payments made, or off-setts which ought to apply on the mortgage debt.   As to the payment made by him to the Robinson's, so much of it as was for a debt or liability of the complainant, will be a proper off-set.   Interest will be charged and allowed as shall be just.

There must be a reference to a master to take and state an account on these principles.   If W. T. Moak elect to account for the mortgage, affirming it, there will be no account against Reuben Moak, and the bill will stand dismissed as to him, without costs.   In case the mortgage shall be disaffirmed, the only direction as to costs, will be that neither party is to have costs against the other, anterior to the decree.   The complainant ought not in any event to have costs against W. T. Moak, prior to the decree, because he was not competent to determine his election, until since the proofs were closed.   With these exceptions, the question of costs, and all further directions, must be reserved until the coming in of the master's report.

The complainant may have a receiver of the proceeds of the goods which were left with the Moak's, when the bill was filed, if he deem it advisable to incur the hazard of paying the ex-

pense of the appointment. Such debts as arose from the goods mortgaged, may be taken by the receiver.