# John Johns *vs.* James Reardon and Wife.

Husband and wife executed a mortgage of real estate belonging, one moiety to the wife in fee, and the other moiety to the husband in fee, but this mortgage was *not properly acknowledged.* Subsequently the *same parties* executed a mortgage of the *same land* to another party, which, being *duly* acknowledged, was decided to have *priority* over the former, and *both* were to secure debts *due by the husband.* Held:

That the surplus proceeds of the sale of this property, after payment of the mortgage having *priority,* and which more than exhausted the husband's interest therein, *belongs to the wife,* and the other mortgagee has no right to ask that her interest be applied to pay the mortgage having priority, so as to leave the husband's interest applicable to his mortgage.

A *feme covert can be divested* of her estate at law, in *no other mode* than by a deed executed and acknowledged according to the acts of Assembly on that subject, and a deed not so acknowledged, is *wholly inoperative* as to her, and is to be treated as if she had *not been a party to it.*

A wife who joins her husband in a *mortgage* of real estate, partly her own, and partly her husband's, to secure a debt *due by the husband,* stands as *surety* of her husband to the mortgagee, and has the right to have the husband's interest *first applied* to pay the debt, in *exoneration* of her interest.

Johns *vs.* Reardon & Wife.

Where there is a lien on two different parcels of land, and a junior lien on *one* of them only, and the holder of the elder claim elects to have his whole demand out of the land bound by the junior creditor, the latter may have the prior creditor thrown upon the other fund, or have the prior lien assigned to him.

But this rule does not apply where there are two mortgagors of distinct estates (one being *surety* for the other) for the payment of the same debt, and a subsequent mortgagee has a lien only on the estate of the *principal* in the first debt.

‧ Appeal from the Equity Side of the Circuit Court for Harford county.

The record in this case shows, that on the 25th of April 1839, *Reardon and wife* executed a mortgage of certain land, lying in *Harford county,* to Johns, to secure $2000 lent to *Reardon.* The grantors lived in *Harford county,* and the mortgage was *acknowledged* before *two justices* of the peace of the *city of Baltimore,* and recorded in Harford county. On the 8th of December 1841, Reardon and wife gave a mortgage to Scott upon this *same land* and *other land,* to secure $5000, also due by *Reardon.* This mortgage was *duly* executed, acknowledged and recorded.

A bill was filed in chancery by Johns, against Reardon *alone,* to foreclose his mortgage, and Reardon, in his answer thereto, states that the property belonged partly to himself and in part to his *wife,* and prays that she may be made a party to the bill. Scott then filed his bill against Reardon and wife, and Johns, to foreclose his mortgage, and claiming a priority for it over that to Johns. The causes were then consolidated by an agreement, in which it was also admitted that the land described in *both mortgages* belonged, at the time of their execution, one-half to Mrs. Reardon in fee, and the other half to Reardon in fee. The chancellor then, by his opinion and decree, gave Scott's mortgage the priority, because that to Johns had *not been* acknowledged before two justices of the peace of the county where the land was situated, or the grantors lived, and decreed a sale of the mortgaged premises first to pay Scott's mortgage, and with the reservation of John's right against the surplus, after the defect of his bill, in not making the wife a party, was remedied by amendment or

agreement. (3 *Md. Ch. Dec.,* 57, 65.) Johns appealed from this decree, and it was *affirmed* by this court, (5 *Md. Rep.,* 81,) and the cause remanded to the circuit court for Harford county for further proceedings.

The *whole* mortgaged property was then sold by the trustee, and the net proceeds, amounting to $11,195.61, applied to pay Scott's mortgage of $8225, leaving a surplus of $2968.61, which was claimed by Mrs. Reardon, by her *petition* filed in the case, and also by Johns, in *exceptions* filed by him to the auditor's account, awarding it to Mrs. Reardon. The *second* of these exceptions insists, that as Scott's mortgage was valid against the *entire interest* both of Reardon and his *wife,* whilst the exceptant's is alleged to be only valid as to Reardon's interest, therefore Mrs. Reardon's part should have been applied *entire* to the payment, in part, of Scott's mortgage, and then so much of Reardon's interest as was necessary to pay the balance thereof, and the residue of Reardon's portion to the payment, in part, of exceptant's mortgage.

The court (HENRY W. ARCHER, Special Judge,) by agreement, under which the right of appeal was reserved, passed a *pro forma* order overruling the exceptions and ratifying the account awarding the surplus to Mrs. Reardon, and from this order Johns appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Chas. H. Pitts* for the appellant:

Though the mortgage from Reardon and wife to Johns, was not valid as to Scott, a subsequent *bona fide* purchaser *without notice,* it is valid as between the parties thereto, including the *wife.* The only ground upon which Scott became a prior incumbrancer, was because he was *ignorant* of the mortgage to Johns; but Mrs. Reardon *did* have *actual notice* of this mortgage at the time she executed the *subsequent* mortgage to Scott. It is admitted that this mortgage did not pass her *dower interest* in the land, but that is not the question in this case; it is not as *wife* that she claims, but as *creditor,* and claiming as such,

the assets must be *marshalled.* In other words, inasmuch as Scott's mortgage is valid against the entire interest of Reardon and wife, and Johns' mortgage is valid only against Reardon's interest, the whole of Mrs. Reardon's interest should have been applied to Scott's mortgage, and then so much of Reardon's interest as was necessary to pay the balance of Scott's claim, leaving the residue of Reardon's interest to be applied to Johns' mortgage, after deducting Mrs. Reardon's dower, to be ascertained under the rule of court. 1 *G. & J.*, 346, 353, *Union Bank vs. Edwards.* 2 *Bland,* 166, *Winder vs. Diffenderffer.* Ibid., ·509, *Watkins vs. Worthington.* 6 *Gill,* 337, 338, *Cornish vs. Wilson.* 9 *Gill,* 185, *Woollen vs. Hillen.*

*Thos. S. Alexander* for the appellee, argued:

1st. That as by the former decision of the chancellor, *affirmed* in this court, the right of Johns to come in on the surplus proceeds, was reserved until the defect in his bill was cured by making Mrs. Reardon a party, and as since the remanding of the case, he has never made her a party, and has never obtained any decree even against the husband, he is not entitled to make any claim to this surplus, especially not against the wife, the sole owner thereof. 8 *Md. Rep.*, 1, *Eyler & Matthews vs. Crabb's Exc'r.* 7 *Gill,* 333, *McClellan vs. Crook.* 1 *Johns. Ch. Rep.*, 189, *Gelston vs. Codwise.* *Jacob.*, 487.

2nd. That Johns is not entitled to claim any interest of Mrs. Reardon in the property or its proceeds, by virtue of his mortgage, because she was never made a party to his bill, and also, because even if she had been, the mortgage, not having been duly acknowledged, was, as to her, a nullity. And as the payment of Scott's mortgage not only exhausted the whole of the husband's interest in the property, but also at least half that of the wife, the surplus unquestionably was of her interest in the estate, and Johns, therefore, could have no possible claim to it under his mortgage. 3 *Gill,* 329, 334, *Chaney vs. Tipton.* 6 *Wend.*, 1, 13. 5 *Madd. Ch. Rep.*, 414.

3rd. That as Johns never claimed the alleged equity of having the funds marshalled set up by his second exception, either in his answer to Scott's bill, or in any other manner than by filing that exception, and as Mrs. Reardon never was a party to his bill, nor even any decree obtained upon it, he could not then claim any such equity, and even if still open to him, not by *mere exception* to the audit. But even if properly claimed and in proper time, Johns, as mortgagee only of the husband, has no such equity as against Scott, the mortgagee of both husband and wife, and especially not as against Mrs. Reardon, who, as mortgagor of her estate to Scott, *for her husband's debt*, instead of being liable in equity to have her estate primarily exhausted for the payment of that debt, has a counter equity to have the husband's estate first applied, or to be substituted to Scott's rights, to the extent to which her estate was exhausted in the payment. 4 *Johns. Ch. Rep.*, 17, *Dorr vs. Shaw.* 1 *Story's Eq.*, secs. 634, 642, 643. 71 *Law Lib.*, 192, 197, 198. 9 *Gill*, 186, *Wollen vs. Hillen.* 2 *Sumner*, 105, 125, *Dexter vs. Arnold.* 2 *Story's Eq.*, sec. 1373. 2 *Atk.*, 384, *Parteriche vs. Powlet.* 3 *Paige*, 615, *Neimcewicz vs. Gahn.*

TUCK, J., delivered the opinion of this court.

The property of Mrs. Reardon, conveyed to Johns, was not her separate estate, which she could bind in equity, but her estate at law, of which she could not be divested, except in the mode prescribed by our acts of Assembly, to pass the real estate of a *feme covert. Chaney vs. Tipton*, 3 *Gill*, 327. As that deed was not acknowledged according to law, it was wholly inoperative as to her, and must be dealt with as if she had not been a party to it; and then the parties stand in this predicament, Johns held a mortgage of the property as if executed by James Reardon alone, and Scott a mortgage on the same property, executed in due form of law by Reardon and wife; this latter deed, according to the previous decision in this case, having priority over the other. In this aspect, Mrs. Reardon stands as surety to Scott, under a mortgage of her property, for a debt of her husband, but she never made a

valid deed binding her property for the payment of his debt to Johns. The proceeds of sale of both estates being in court, and Scott's priority acknowledged, the appellant claims payment of his claim out of the residue, as far as it will go, while Mrs. Reardon insists, that he has no right which a court of equity will sanction as against her.

The argument on the part of the appellant, that Mrs. Reardon having executed the mortgage to Scott with knowledge of the deed to Johns for the same property, must be bound as a creditor or incumbrancer with notice of a prior equity, would, if allowed, defeat the object and policy of the law in relation to the estates of married women, by treating them *sui juris.* The Legislature has provided how they may dispose of their real estates, and the court has said they can be affected in no other mode. 3 *Gill,* 327.

It is a familiar principle, that "where there is a lien on two different parcels of land, and a junior lien on one of these parcels only, and the party holding the elder claim elects to have his whole demand out of the land bound by the lien of the junior creditor, the latter may either have the prior creditor thrown upon the other fund, or have the prior lien assigned to him, and receive all the aid it can afford him." *Watson vs. Bane,* 7 *Md. Rep.,* 117. But that rule does not apply where there are two mortgagors of distinct estates—one being surety for the other—for the payment of the same debt, and a subsequent mortgagee has a lien only on the estate of the principal in the first debt. This was decided in *Woollen vs. Hillen,* 9 *Gill,* 185, which case appears to be applicable to the present, if we consider Scott as the prior incumbrancer of both estates, and Johns as mortgagee of Reardon's property only. It was the equity of Mrs. Reardon, as of any other surety, to have her principal's estate applied, first to the payment of that debt for which her's stood as security, before the subsequent mortgagee of his estate could come upon the fund. To decide otherwise, would be making the appellee pay a debt of her husband, for which her property was never bound. If Reardon had mortgaged two farms to Scott, and one of them, afterwards, to Johns, the principle invoked in behalf of the appel-

lant, would have been applicable; but, as this case appears upon the record, he can derive no benefit from it.

With our view of this point, it is unnecessary to decide the others presented on the part of the appellee.

*Order affirmed, with costs.*