EDSON *v.* DILLAYE and others.

An appeal to the Court of Appeals lies from an order made after judgment rendered upon the striking out of an answer as sham, where such order vacates the judgment upon the ground that, by reason of matter occurring between the time of striking out the answer and the actual entry of judgment, the plaintiff's cause of action had ceased to exist. Such an order virtually determines the action and prevents a judgment from which an appeal would lie, within the 2d subd. section 11 of the Code.

Edson *v.* Dillaye.

APPEAL by the plaintiff from an order of the Supreme court at a general term vacating a judgment.

On the 15th of August, 1850, the defendant Stephen D. Dillaye executed to Freeman M. Edson a bond and mortgage to secure $1500 with interest, which mortgage was duly recorded the next day, and on the thirtieth of September following the bond and mortgage were assigned to the plaintiff. In February, 1852, the mortgagor sold the mortgaged premises to John H. Johnson, and conveyed the same to him by deed with a covenant of warranty. On the 16th of November, 1852, the defendants made and delivered to the plaintiff a note for $500 at sixty days, as collateral security to the bond and mortgage. In January, 1853, this action was commenced to recover the amount of the note. The defendants put in an answer which was stricken out as sham, in May, 1853, at a special term, and judgment was ordered on the note. The damages were assessed the twenty-eighth day of June thereafter, and on or about the thirteenth of August next following judgment in the action was entered. On the 30th of July, 1853, the defendants appealed to the general term from the order striking out their answer. Prior to that time the plaintiff commenced proceedings for the foreclosure of his mortgage by advertisement, the day specified for the sale being the 25th of July, 1853, and the amount stated in the notice as due being the amount of the mortgage, less the note for $500 and interest. At the time and place appointed for the sale, Dillaye and Johnson offered to pay the amount stated in the notice to be due, with interest and costs, provided the plaintiff would satisfy the mortgage, which he refused, claiming a right to sell the premises for the whole amount of the mortgage. The premises were offered for sale and struck off to Johnson for an amount exceeding the mortgage debt and costs. Johnson then requested time to take counsel as to the right of the plaintiff to sell after the offer, and an hour was allowed; the plaintiff giving notice that if the

sale was not perfected the premises would be again put up and sold. Afterwards, under an agreement between Johnson and the plaintiff, Johnson paid the amount of the mortgage, interest and costs, less the amount of the defendants' note and interest, and gave to the plaintiff his note for a sum equal to the amount of the defendants' note, to be held as collateral security for the payment of the defendants' note and interest, and to be returned to him if that note should be paid or collected. In January, 1854, the appeal from the order striking out the answer was decided, and the order affirmed. On the 30th of March, 1854, papers with notice of motion to set aside the judgment were served. The motion was heard at a special term held by Justice HARRIS, at Syracuse, in June, 1854, and denied. On appeal to the general term in the fifth district, the order at special term was reversed, and the judgment on the action was vacated and set aside. The plaintiff appealed to this court.

*Henry R. Selden,* for the appellant.

*John L. Newcomb,* for the respondent.

STRONG, J. The order appealed from reverses the order at a special term of the Supreme Court, denying a motion to vacate the judgment of that court in the action, and sets aside the judgment. It is apparent, from the case on the appeal, that the ground of the order appealed from was, that the note on which this action was brought was collateral to the mortgage mentioned in the case, and that intermediate the striking out of the answer of the defendant and the judgment, the note became satisfied by the sale of the mortgaged premises under the mortgage. The order is a decision that the plaintiff was not, after the sale, entitled to a judgment; that, upon the merits of the case, as they then existed, the plaintiff had not a cause of action and virtually directs a

perpetual stay of all further proceedings in the action. It is, therefore, an order affecting a substantial right, made in the action, which determines the action and prevents a judgment therein; and we think it belongs to a class of orders specified in section eleven of the code, from which an appeal to this court will lie. That section (*subd.* 2) authorizes a review by this court, upon appeal, of " an order affecting a substantial right made in such action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." An order deciding the merits of the action, and preventing a judgment in that action, we think is such an order. Since this appeal was brought, section eleven of the Code has been amended, but not in respect to that part of it above stated.

Upon the merits, we think the order under review is erroneous. The mortgage was executed by Stephen D. Dillaye to Freeman M. Edson, who assigned it to the plaintiff. Subsequently, the mortgagor sold and conveyed the mortgaged premises to John H. Johnson, the deed containing a covenant of warranty. Still later, the defendants executed to the plaintiff the note which is the subject of the action, as collateral to the mortgage. It is not stated in the case whether Henry A. and Frederick C. Dillaye were, as between them and Stephen D. Dillaye, principals in the note, or were sureties of the latter. In the absence of any allegation or statement in the case to the contrary, it must be assumed that all the makers were, in respect to each other, principals. Upon these facts, Johnson, on payment by him of the mortgage debt, would have been equitably entitled to be subrogated to the right of the plaintiff to the note, on the principle that a surety, paying the debt, is entitled in equity to all collateral securities held by the creditor. By the covenant in his deed, Johnson was indemnified against the mortgage debt; the land, as between him and his grantor, being mere security for the payment of the debt; and the grantor, with the securities given by him to

the creditor, being primarily liable for its payment. Assuming, then, that the mortgage was satisfied by the sale under it, it was competent for Johnson and the plaintiff to make the arrangement which was made, that the plaintiff should take a note of Johnson, on his bid at the mortgage sale, equal to the note in suit, and proceed and enforce the latter. As Johnson might have exacted the note of the defendants and enforced it, he might equally agree with the plaintiff that the plaintiff should hold and seek to collect it for the balance due the plaintiff on the bid. Whether the defendants knew of the arrangement or not is not material; their consent to it was not necessary to its validity.

The order appealed from must therefore be reversed, and that of the special term affirmed.

COMSTOCK, J., did not sit in the case; SELDEN, J., expressed no opinion, and PRATT, J., dissented; all the other judges concurred in the judgment without stating the grounds of their concurrence in respect to the merits.

Ordered accordingly.