————o————

CLARA WILCOX, et al., Respondents, vs. ALBERT TODD, et al., Appellants.

1. *Husband and wife—Mortgage on property of wife to secure husband's debts— Wife's equity to compel creditors to resort to other property of husband—Wife's right to testify, etc.*—Where a deed of trust is given by the husband and wife jointly on land of the latter to secure a debt of the husband, she occupies the position of surety toward him, and like any other surety may compel a creditor of the husband holding a mortgage on other property of his to resort thereto in the first instance before subjecting her property to the payment of his debts; and *a fortiori* she has that right when the creditor has no such security; and her equity is unaffected by the fact that her land is not owned by her as a separate estate. And in such suit being the real party in interest she is competent to testify.

2. *Practice, Supreme Court—Evidence—Bill of exceptions.*—The Supreme Court will notice no evidence not embodied in the bill of exceptions.

*Appeal from St. Louis County Circuit Court.*

*E. P. McCarty, Jas. O. Broadhead, Crews & Laurie,* for Appellants, cited: Kimm vs. Weippert, 46 Mo. 532 ; Whitesides vs. Cannon, 23 Mo. 457 ; Claflin vs. Van Wagoner, 32 Mo. 252 ; Gahn vs. Niemcewicz's Ex'r, 11 Wend. 312.

*Martin & Lackland,* for Respondents, cited ; Gahn vs. Niemcewicz's Ex'r, 3 Paige, 614 ; John vs. Reardon, 11 Md. 468 ; Vartie vs. Underwood, 18 Barb. 561 ; Fitch vs. Cotheal, 2 Sandf. 29 ; Ten Eyck vs. Holmes, 3 Sandf. 428 ; Wright vs. Austin, 56 Barb. 13 ; Loomer vs. Wheeler, 3 Sandf. 135.

SHERWOOD, C. J., delivered the opinion of the court.

One of the plaintiffs, Jeremiah Wilcox, owned a piece of property on Third street, in the city of St. Louis. His wife, Clara, owned another piece on Broadway. Her husband borrowed $15,000, and to secure the debt executed a deed of trust to Todd as trustee, whereby was conveyed to the latter the Third street property, as well as that on Broadway, the wife joining in the conveyance. Subsequently, the husband borrowed of Ignacy Sumowski $6,000 more, executing a second deed of trust, on the Third street property, to Jno. Wickham as trustee. Defendants, Maud & Hastings, who are creditors of Wilcox, became the purchasers of the Third street property, when sold by Wickham, under the second deed of trust. The court below, on the application of the wife, as the surety of her husband, decreed that Todd, the trustee, should first sell the Third street property, before resorting to that of the wife, and enjoined Maud & Hastings from interfering with her rights, etc., etc. From this ruling defendants appeal.

Leaving undetermined the question of the husband's competency as a witness in this case, it is enough to say that the wife, being the real party in interest, was competent to testify (Buck vs. Ashbrook, 51 Mo. 529, and case cited; Quade vs. Fisher, 63 Mo. 325); and her testimony clearly establishes that she, in conveying her property on Broadway, by the deed of trust, made by herself and husband to Todd, the trustee, whereby the Third street property was also conveyed, only occupied the attitude of surety towards her husband. And when such a relation is established the law is well settled, that the wife may as readily avail herself of all the beneficial rights and remedies, conferred thereby, as any other surety whatsoever. And there is frequent application of the equitable rule which primarily throws the burden of the debt on the property of the principal debtor, and exhausts that fund in exoneration of the estate of the surety. The doctrine here asserted, both with regard to ordinary sureties and also to the wife when occupying such an attitude, finds abundant recognition in the following authorities:

Niemcewicz vs. Gahn, 3 Paige, 614; S.C., 11 Wend. 312 ; John vs. Reardon, 11 Md. 465 ; Sto. Eq. Jur. §§ 642, 1373 ; Wright vs. Austin, 56 Barb. 13.

The equity of the wife in this regard is paramount to the claim of a creditor who has a general lien on the husband's property, subject to the mortgage. (3 Paige and 11 Md. *supra.*) And the claim of Maud & Hastings, who are merely creditors of the husband, would certainly not be of any higher nature.   They surely can claim no greater rights than those of Sumowski, under whose deed of trust they purchased.   But his equity, if he possessed one, being subsequent in point of time was inferior in point of right to that of the wife.

Frequent reference is made in the briefs of counsel to the deeds of trust and marriage contracts as showing that the wife had a separate estate in the Broadway property ; that the first deed of trust gave notice by its terms of the suretyship of the wife, and that, by the words employed in the second deed of trust, she had relinquished every interest she may have possessed under the first deed of trust.   We can notice none of these matters, as none of these instruments have been preserved in the bill of exceptions. The action of the lower court, in regard thereto, will therefore be presumed correct.

The testimony of Laurie, the attorney of Maud & Hastings, would seem, however, to indicate that he was apprised of the wife's equity before he made the purchase for them.

If the wife had no separate estate she could not be regarded as a *feme sole* in respect to the Broadway property, and consequently could have no agents to prejudice, by their acts and declarations, her rights.   But the fact that the wife had no separate estate in that property, cannot at all affect her right to equitable interposition in her behalf as surety. (John vs. Reardon, *supra ;* Niemcewicz vs. Gahn, *supra.*) We discover no error in the record, and shall affirm the judgment.

All the other judges concur.