### J. W. KNIGHT et ux. v. W. W. WHITEHEAD, Judge.

The right of property in a married woman attaches to the fund arising from the sale of her separate estate, to the same extent which existed in regard to the property before sale.

Where a *feme covert* joins in a mortgage of her estate for a debt of her husband, or to raise money to pay his own debts, she will be entitled, after his death, to have her estate exonerated out of his assets; and the same rule will apply to any advance of money to the husband, which is the separate property of the wife, to pay his debts, unless it shall appear that the advance was made as a gift.

In such a case, the wife is regarded as a surety; and in equity, the husband's estate is held bound by an implied assumpsit.

ON appeal from the probate court of Carroll county; Hon. W. W. Whitehead, judge of the probate court.

The opinion of the court contains the facts of the case.

*J. Y. George* for appellants.

It is a well settled principle, that if the wife makes advances out of her separate estate to pay the debts of her husband, his estate will be chargeable with the amount advanced, unless it appear affirmatively that it was intended as a gift. *Patricke* v. *Powlet*, 2 Atk. 383; *Clinton* v. *Hooper*, Bro. Ch. R. 200.

It must be proven affirmatively that it was a gift and not a loan. Chauncy on Husb. and Wife, 11, &c.; Ib. 354.

For the reason of the distinction between profits and proceeds of the separate estate of the wife, see 2 P. Williams, 83.

No counsel for the appellee.

Mr. Chief-Justice SMITH delivered the opinion of the court.

21*

This is an appeal from an order of the court of probates of Carroll county, disallowing an account against an insolvent estate under the statute.

The facts of the case are as follows, to wit: Mrs. Knight was the wife of James F. Bibb, whose estate was reported and declared insolvent by said court. During the marriage between Bibb and the appellant Mrs. Knight, Bibb received $492 which was alleged to be the separate estate of the wife. This money was her distributive share of the proceeds of the sale of certain real estate which had descended to her, during the marriage, jointly with others as the heirs of F. O. Love, deceased, and which was sold for a division under a decree of the court of probates.

The question, whether the husband Bibb was authorized to receive and give an acquittance, without the joint act of his wife for her separate property, does not arise in this case, as she has, by electing to proceed against his estate, recognized his authority to do so. Nor does the question arise whether, if the money be considered her separate property, it was competent for her to bestow it upon her husband by way of donation, as there is nothing in the record, besides the fact that the money was appropriated by him to the payment of his own debt, from which it could be inferred that such was his intention.

The conversion of the land into money for the purpose of a division produced no change in the rights of the wife. Her right of separate property attached to the fund arising from the sale to the same extent which it existed in regard to the land. Hence the money is not to be regarded as property of the wife, to which Bibb, by virtue of his marital rights, was entitled. The only question then is whether the estate of Bibb, in consequence of the reception and appropriation by him of the money, is chargeable with its repayment.

When a *feme covert* joins in a mortgage of her estate for a debt of her husband, or to raise money to pay his own debt, she will be entitled after his death to have her estate exonerated out of his assets. Ropes, Hus. & Wife, 143; *Robinson* v. *Gee*, 1 Vesey, sen., 252; 3 Bro. Ch. R. 200. In such case the wife is regarded as a surety, and whatever may be the legal effect of

the mode adopted to carry the purpose into execution, in equity the husband's estate is held bound by an implied assumpsit. The same rule necessarily applies to any advance of money, which is the separate property of the wife, to the husband, to pay his debts, unless it shall appear that the advance was made as a gift and not as a loan. There is certainly no reason why this doctrine should not be applied to the case at bar. The separate property of the wife, the proceeds of the sale of her real estate, was used by the husband in the payment of his own debt. It does not appear that she assented to the application of the money in that way; or that she even knew that it had been received by her husband. We think, therefore, the estate of the husband was chargeable with the proceeds of the land.

Let the order of the probate court be reversed, and the cause remanded.