## McHenry v. Day *et ux.*

1. Deed by a wife. Where a trust deed was executed by a husband and wife conveying several town lots, including the homestead, and it was shown by the evidence that the wife executed it without reading, upon the statement of her husband, that it conveyed certain property mentioned, which did not include the homestead, and the trustee and beneficiary had no knowledge of, and was in no wise a party to, this false representation; it was held, that as between the wife and innocent parties, who acted in good faith in the transaction, she could not take advantage of such negligence, and make it the ground of relief against the consequences of her own signature.

2. Same: acknowledgment. A wife will not be permitted to take advantage of her own irregular and wrongful acts in the acknowledgment of a deed, against parties who, ignorant of such acts, have loaned money upon the security thus acknowledged, but regular and fair upon its face.

*Appeal from Polk District Court.*

Friday, June 20.

The facts are stated in the opinion of the court.

*Curtis Bates* for the appellant, as to the deception practised by D. P. W. Day, upon his wife, in procuring the execution of the deed of trust, 2 Phil. Ev., 272 (Cow. & Hill's notes); 1 Story Eq. Jur., 224; 2 Kent's Com., 482; notes *a* and *b; Westfall et ux.* v. *Lee et al.,* 7 Iowa, 12; *Corielle* v. *Hand,* 2 Id., 552. As to defects in the execution of the deed, and the jealousy with which courts guard the rights of married women, *Carr* v. *Williams et al.,* 10 Ohio, 305, and the authorities cited in the argument for defendants; *McFarland* v. *Febejer's Heirs et al.,* 7 Id., 194; *Catlin* v. *Ware,* 9 Mass., 218 (Marg.); *Lufkin* v. *Clutes,* 13 Id., 222; *Westfall et ux.* v. *Lee et al., supra; Schaffner et al.* v. *Grutzmacher et al.,* 6 Iowa, 137. As to the contradiction of an acknowledgment, *Tatum* v. *Goforth,* 9 Iowa, 248; *Grapengether* v. *Fejervary,* Id., 163; *Blain* v. *Stewart,* 2 Id., 282; Revision of 1860, § 2238.

*M. D. McHenry, pro se,* contended that the defendants should not be permitted to take any advantage of their own negligence or wrong. 2 Pars. Cont., 270; 1 Story Eq. Jur., § 385; *Babcock* v. *Hoey,* 11 Iowa, 375.

LOWE, J. — The facts out of which this controversy arises are these: The defendant, Day, about the 27th day January, 1857, borrowed the sum of $2,500, from Messick & Robertson, of Kentucky, through their agent, Wm. H. McHenry, of Des Moines, Iowa, to secure which the said Day and wife executed and delivered a deed of trust, (naming Wm. H. McHenry, the trustee therein,) upon the following described property: The south half of lots 1 and 2, in block C., in the Commissioners' Addition to Fort Des Moines, Polk county, Iowa. Also, lots No. 1, 2, 3 and 4, in block B., lots No. 1 and 2, in block C., lots No. 1, 2, 3, 4, 5, 6, 7, 9 and 10, in block D., and lots No. 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 in block A., situated in D. P. W. Day's Addition to Fort Des Moines.

Default being made in the payment of the money, the property conveyed in the deed of trust, was sold by the trustee to the plaintiff, as the highest bidder for the sum of $601; who brings his action of right to recover possession of the two lots first above described. The defense set up may be stated in substance, as follows: that at the time of the execution of said deed of trust, the defendants were occupying said lots as their homestead, and continued to do so, up to the sale of the same by the trustee, and the institution of this suit; that Alice E. Day, the wife of D. P. W. Day, had not acknowledged said deed of trust before any officer authorized to take the acknowledgment of deeds, that the notary public, before whom said acknowledgment purports to have been taken, never presented said deed of trust to her for that purpose; that when, as a matter of fact, she did sign the same, the notary was not

present; that her husband presented the deed to her for her signature, representing at the time, that it was for the lots on the hill in his own addition to the city of Fort Des Moines; that, relying upon this statement, she signed the deed without reading it; that she would not have signed the deed, had she been advised that her homestead was included in the same.

A demurrer was filed by plaintiff to the sufficiency of the matters, set forth in this defense, and before a hearing was had upon the same, the whole cause was, by order of the court, referred to JAMES M. ELWOOD, Esq. On the hearing before the referee, it was agreed that the whole case, without deciding the demurrer, should be heard upon the merits, and that either party should give in evidence, under the pleadings, proofs to establish his or their case to the same extent, and with the same effect, as though specially pleaded.

In the award of the referee is reported all the evidence taken before him, together with the facts which, in his judgment, the proofs establish, and his conclusion of law thereon. After finding that the legal title of the premises in controversy was in the plaintiff, in virtue of the deed obtained under the trustee's sale, he finds, also, that the evidence in the main, sustains the new or special matters of defense set up in the answer, but nevertheless, the referee held that these facts, if true, did not constitute a legal defense in this action; that the said Alice E. Day, in executing said deed of trust with her husband, is presumed to have been cognizant of the property which the same conveyed, but if, through her own mistake or negligence, she did not ascertain what property the deed in fact embraced, still, as between herself and the innocent parties who acted in good faith in the transaction, she cannot take advantage of such negligence, and make it the ground of relief against the consequences of her own signature; that,

as between herself and innocent parties, where no fraud is alleged, the said Alice stands in no better position than if she had executed said deed of trust voluntarily, and with a full knowledge of all the facts in the transaction, *Babcock* v. *Hoey*, 11 Iowa, 375 ; that, between the trustee, beneficiaries, and their immediate grantees, on the one hand, and the grantors on the other, it was not necessary that the deed of trust should have been acknowledged, in order to make it a binding or valid conveyance.

This last proposition, perhaps, is stated rather broadly by the referee, so far as Alice E. Day is concerned. It is not necessary, in the determination of this cause, or in affirming the general conclusion to which the referee and the court below came, to hold that a deed, unacknowledged by the wife, executed in conjunction with her husband, is valid against her, even in a direct proceeding between the parties to the same. It has been the policy of the law, as well as of the courts, to hold a strict compliance with the solemnities of the law, in divesting a married woman of her interest in real estate. The certificate of acknowledgment to the deed of trust in this, is regular and in due form, and purports to have been made in good faith. It is true the evidence shows the following irregularity in the acknowledgment of the deed: That the notary had certified to the acknowledgment of the same, without requiring the personal presence of the party, but upon a previous verbal authority given by her, accompanied, at the time, with her written signature, to the effect that the notary should do so when a deed was presented by her husband, with her signature affixed. This informality in the mode of taking the acknowledgment would be fatal, it may be, to the validity of the deed, under some circumstances, but certainly she cannot be permitted to take advantage of her own irregular and wrongful acts, against parties, who, ignorant of all this, had loaned a large sum of money to

her husband, upon the strength of a security perfectly regular and fair upon its face, both in form and substance. *Baldwin* v. *Snowden et al.*, 11 Ohio State R., 203.

Believing that the decision below was founded upon the law applicable to the facts in this case, and upon which further elaboration does not seem to be required at our hands, we accordingly affirm the same.

Affirmed.