## GREEN & DENSMORE v. SCRANAGE.

1. **Husband and wife:** MORTGAGE. A debt owed by the husband and an extension of time for the payment of the same are a good consideration to support a mortgage executed by the wife conveying her separate estate to secure the payment of the same; and such a mortgage will be enforced in equity if fairly obtained.

2. —— FRAUD: ACKNOWLEDGMENT. False representations made to the wife by the husband, or undue influences exerted by him to induce her to execute the mortgage, she having afterwards duly acknowledged it, would not prejudice the rights of the mortgagee, or prejudice his security, if this conduct on the part of the husband was without his instigation, procurement, knowledge or consent.

3. —— THREATS OF CRIMINAL PROSECUTION. A mortgage executed by the wife from fear excited by threats made to her, by the mortgagee of an illegal criminal prosecution against her husband, would not be held valid; but if the debt was actually due, and the criminal accusation were well founded, or upon reasonable grounds believed to be so, and the mortgage was deliberately executed without undue influence by the mortgagee, it would be valid, unless given under circumstances which would render it illegal as an agreement to compound felony.

*Appeal from Dallas District Court.*

MONDAY, JANUARY 15.

MORTGAGE BY WIFE OF SEPARATE PROPERTY: CONSIDERATION: FRAUD: UNDUE INFLUENCE. — This is a suit to foreclose a mortgage executed by the defendants, to secure a promissory note, signed by them both, for $700,

dated July 28, 1862, and payable to the plaintiffs, one year after the date thereof. The defendants are husband and wife; the wife alone defends.

In answer, she sets up, in substance, her *coverture* at the time of the execution of the note and mortgage, accompanied with the allegations that the estate mortgaged was her separate property; that the debt was exclusively her husband's; that it was contracted by him in the course of his business; that it was not contracted with reference to her separate property; nor for family expenses, nor the education of the children, and that the mortgage was procured by the fraud of her husband and one of the plaintiffs, they acting in concert for that purpose. The fraud relied upon was certain alleged threats by the plaintiffs to prosecute her husband criminally, unless she would secure the debt which her husband owed them.

The cause was tried to a jury according to the *second method*.

That the husband justly owed the plaintiffs the $700, for which the note was given, seems not to have been controverted.

On the trial, Mrs. Scranage testified that she was induced to sign the note and execute the mortgage, in consequence of threats on the part of one of the plaintiffs, that unless she did so, they would prosecute her husband criminally for obtaining the money by false pretenses.

On this point, she was fully and explicitly contradicted by the plaintiff in his testimony. The notary public, before whom the mortgage was acknowledged, testifies that, "There was nothing said or done at the time of taking the acknowledgment, to induce the slightest suspicion in his mind, that the same was not her voluntary act and deed; that there was nothing different from ordinary transactions of a like nature, and that Mrs. Scranage made no statement to him, except to acknowledge the

instrument to be her voluntary act and deed." He took the acknowledgment at the request of Green, one of the plaintiffs, and her husband was present. Mrs. Scranage testified respecting this matter, that she "did not know the notary public, and had no conversation with him. He asked us 'if we acknowledged the mortgage?' Mr. Scranage spoke aloud and said 'he did.' I bowed my head. I never received any of the money for which the mortgage was given." Verdict in favor of Mrs. Scranage, and plaintiffs appeal.

With this general outline of the case, the questions of law determined and discussed by the court will be sufficiently understood.

*Finch, Clark & Rice* for the plaintiffs.

*Phillips & Phillips* for the appellees.

DILLON, J. — The court charged the jury as follows: "1st. This is an action against Mrs. Scranage for the foreclosure of a mortgage. She admits the execution of the note and mortgage, but alleges, that the execution thereof was obtained through fraud and undue influence used by the plaintiff, Green, and her husband, Scranage.

"Now, if you believe, from the evidence, that the plaintiff, Green, or Green and Scranage, by undue influence, induced Mrs. Scranage to execute the note and mortgage, so that you believe it was not her voluntary act and deed, that such undue influences consisted in threats to prosecute the husband for the commission of a crime, or by words amounting to such threats, and that she would consequently be disgraced, by reason of such prosecution, unless she signed the note and mortgage, then such conduct was fraudulent, and, if through such influences, she signed the

same, it is a fraud upon her rights, and you should find for the defendants."

The court further instructed the jury, second, that whether the mortgage was obtained from Mrs. Scranage fraudulently or not, still she is not liable, being a married woman, " unless the jury further find, from the evidence, that the execution of the note related to her own separate property, or was for the expenses of the family, or education of the children, or purports to bind herself only."

*1. HUSBAND AND WIFE: mortgage.*

Deferring, for the present, any consideration of the first portion of the charge, it is clear that the last charge or direction to the jury, above set out, is erroneous. We will assume that, as against the plaintiffs, the property mortgaged was the wife's. It seems at one time to have been the husband's, to have been conveyed by him to one Van Meter, to secure a debt owing to him, which debt was paid off by the brothers of Mrs. Scranage, with money from their father's estate belonging to her; and with the husband's consent, Van Meter conveyed the land to one of her brothers, and he, subsequently, conveyed it to his sister, Mrs. Scranage.

This was prior to the time when the plaintiffs became creditors of the husband.

The cause was tried in the District Court prior to the publication of the decisions of this court in *Jones* v. *Crosthwaite*, 17 Iowa, 393, and *Patton and wife* v. *Kinsman*, Id., 428.

We extract the following from the case last named:

" The transaction with Kinsman was, in equity, a *mortgage* of the wife's separate property to him. This is binding upon her in equity, and equity will enforce the debt, not against her personally, indeed, but against the property which she has pledged for its payment. 'A wife,' says Kent (2 Com., 167), 'may also sell or *mortgage* her sepa-

rate estate for her husband's debts, and such a mortgage, when founded upon a valuable consideration, and not unfairly obtained, is enforceable in equity' against the property pledged. See also *Jones* v. *Crosthwaite, supra*, and cases cited on page 399; *Gahn* v. *Niemcewicz*, 11 Wend., 312; *Young and Wife* v. *Graff*, 28 Ill., 20; 2 Story Eq., § 1399; *Demorest et ux.* v. *Wynkoop*, 3 Johns. Ch., 129; Clancy, 589; *Hawley* v. *Bradford*, 9 Paige, 200; *Loomer* v. *Wheelwright*, 3 Sandf. Ch., 135; *Vartie* v. *Underwood*, 18 Barb., 561; *Speidle* v. *Weishle*, 16 Penn., 134; *Knight* v. *Whitehead*, 26 Miss., 246; *Wolf* v. *Van Metre, ante; County of Johnson* v. *Rugg*, Id., 138; Tiff. & Bull. on Trusts, 687."

The court's charge laid down a different doctrine, asserting in substance that the defendant was not liable unless the note related to her own separate property, or was given for family expenses, &c., &c.

The jury, on this point, should have been instructed that if her husband owed the debt, this, particularly if the plaintiff extended the time of payment, in consideration that the wife would execute a mortgage upon the property to secure it, would constitute a valuable consideration for the mortgage, though the wife was only a surety for her husband; and such mortgage would, in equity, be binding upon the property therein described, provided it was not fraudulently or unfairly obtained.

The first instruction of the court, above copied, related to the alleged fraud in obtaining the mortgage. The instructions of the court should be applicable to the special circumstances of the case before it. The instructions of the court in relation to undue influences, are neither as full nor as accurate and precise as they should have been.

2. —— fraud: acknowledgment.

The jury should have been told that any false representations made to the wife, by the husband, or undue

Green & Densmore v. Scranage.

influence exerted by him to induce her to execute the mortgage, she having afterwards duly acknowledged it, would not affect the plaintiffs or prejudice their security, if this conduct on the part of the husband was without their instigation, procurement, knowledge or consent. *Baldwin* v. *Snowden et al.*, 11 Ohio, 203, and authorities there cited; *McHenry* v. *Day*, 13 Iowa, 445.

The wife seeks to be relieved from her mortgage on the ground of fraud on the part of the plaintiffs, and this fraud or unfair conduct must be brought home to *them*.

On the other hand, if the wife was induced to execute the mortgage from fear excited by threats made to her by the plaintiffs of an illegal criminal prosecution against her husband, the instrument thus obtained would not be binding upon her.

3.— threats of criminal prosecution.

For example, if the criminal association was known by the plaintiffs to be unfounded, and the threats were made for the purpose of overcoming the free will of the wife, and did so overcome it, the security thereby obtained would be set aside on account of the attending oppression or fraudulent advantage taken of the wife.

But if the debt were just, and the criminal accusation was well founded, or, upon reasonable grounds, believed to be so by the plaintiffs, and the wife freely, upon her own deliberate conviction of what was best, and without undue influence exerted by the plaintiffs, executed the security, it would be valid, unless given under such circumstances as would render it illegal as an agreement or arrangement to compound a felony or not to prosecute it. Rev., §§ 4286, 4287, 4670, 5106; 1 Pars. on N. & B., 215; Chitty on Cont., 743, and authorities cited.

In support and illustration of these views, see *Eadie* v. *Slimmon*, 26 N. Y. (12 Smith), 9, 1862, and cases cited; 2 Story Eq. Jur., § 239; Tiff. & Bull. on Trusts, 162, 687; Willard's Eq., 208, and authorities cited; *Fry* v. *Fry*, 7

Paige Ch. 461; *Jacques* v. *M. E. Church*, 17 Johns., 548; *Cruger* v. *Cruger*, 5 Barb., 225; *Whelan* v. *Whelan*, 3 Cow., 537.

Reversed and remanded.

COLE, J., being of counsel, took no part in the consideration of this case.