No. 7081.

MOFFITT ET AL. *v.* ROCHE ET AL.

MORTGAGE.—*Obligations of Even Date and Maturity.—Priority.*—A mortgage to several persons to secure a separate obligation to each, all made of even date and to mature at the same time, is equivalent to a separate mortgage to each, without giving priority to any.

SAME.—*Foreclosure by One not Bar to Another's Separate Decree.*—A foreclosure of such mortgage by the holder of one obligation is not a bar to another holder's right to a separate decree.

SAME.—*Merger.—Redemption.—Right of Possession.*—There is no merger of the remedy of one mortgagee in a decree obtained by another, whose claim is secured by the same mortgage, nor will the mortgagor be deprived of his one year's undisturbed possession and right of redemption as against each foreclosure and sale of his equity.

PLEADING.—*Answer.*—An answer must be good for all it purports to answer, or it is not good for any purpose.

From the Huntington Circuit Court.

*W. H. Trammel*, for appellants.

*L. P. Milligan, A. Moore* and *B. F. Ibach*, for appellees.

WOODS, J.—Action by John Roche against the appellants, Patrick W. Moffitt, his wife, and others, to foreclose a mortgage on real estate, and to obtain judgment on the mortgage note. Finding and judgment for the plaintiff.

The first error complained of is the overruling of the demurrer to the second paragraph of the complaint. Besides alleging the execution of the note and mortgage sued on, and giving copies, this paragraph shows that the mortgage was made to the plaintiff and several others named as mortgagees, to secure a note to the plaintiff for one thousand dollars; and a separate note to each of the other mortgagees for five hundred dollars, all of even date, and to become due five years from date, and drawing ten per cent. interest, payable annually ; that one of said mortgagees had "assigned his note to one John Lawler, who, on the 8th day of October, 1875, filed his complaint in this court, against the mortgagors and other mortgagees, and such proceedings were had thereon that such mortgaged premises were, by said court, ordered to be sold for the payment of the several judgments, amounting to $1,185.89 ; and afterward such other proceedings were had that said real estate was sold, and has not been redeemed."

The position taken by the appellants' counsel is, that, there having been one foreclosure of the mortgage, and a sale thereunder of the premises, from which sale there has been no redemption, the plaintiff can not have another decree for the sale of the mortgagor's equity of redemption ; and counsel argues, among other things, that such second decree, and the enforcement of it by a second sale, would be a violation of the appellants' statutory right to possession for one year after the first sale. The position is not tenable. The giving of one mortgage, to several persons, to secure separate obligations to each, is an economical equivalent to the giving of separate mortgages to each, without giving priority to any, when, as in this case, the obligations are all made to mature at the same time. See *Minor* v. *Hill*, 58 Ind. 176, and cases cited.

It follows that a foreclosure by the holder of one of the obligations secured is not a bar to another holder's right to a

Moffitt *et al. v.* Roche *et al.*

separate decree. There is no merger of the remedy of one such mortgagee in a decree obtained by another, whose claim is secured by the same mortgage. Neither is there anything in the suggestion that a second sale will interfere with the mortgagor's right of possession during the year for redemption from the first sale. If a second sale be made, he may have his year to redeem from that, undisturbed in his possession, unless it be by the first purchaser. The equity of redemption, which in this case the court ordered sold, was not the mortgagor's right to redeem from the sale under the first decree, but his right to pay off the plaintiff's debt, and so to redeem from the mortgage in favor of the plaintiff. Every foreclosure, whether of a first or second mortgage, is upon an equity of redemption. But this is elementary. Under our statute the right to redeem is not extinguished by a sale upon a decree of foreclosure, but in each case is prolonged for one year from the date of the sale.

A demurrer was sustained to the first paragraph of the appellant's answer. There was no error in this. It was pleaded as a bar to the action, but the matters alleged could, in any shape, affect the plaintiff's right to recover costs only. Whether the answer would be sufficient if confined to the right to recover cost, we need not decide. An answer must be good for all it purports to answer, else it is not good for any purpose.

It is claimed that the evidence shows that the plaintiff became the purchaser at the sale upon the decree in favor of Lawler, and that, therefore, his claim under the mortgage became merged in his superior right as a purchaser, and no longer constituted a cause of action ; and, therefore, a new trial should have been granted. But no such question is presented by the issues in the case, and, if it were, we do not perceive that his becoming the purchaser at such sale would bar his right, as against the appellants, to foreclose his own mortgage. He did not acquire a perfect title by his

purchase. The appellants had a year within which they might redeem, and the appellee had a right, it would seem, to sue upon his second claim without waiting the expiration of that time. Besides, the suit was upon the note, as well as the mortgage, and, as against the makers of that, he had a clear right of action, even though his title under said sale and purchase had been already perfect and absolute.

Judgment affirmed, with costs.