Moffitt *et al. v.* Roche *et al.*

---

No. 7082.

MOFFITT ET AL. *v.* ROCHE ET AL.

MORTGAGE.—*Married Woman.*—*Partnership Debts.*—*Surety.*—*Right to have Partnership Property First Exhausted.*—Where a woman and her husband, to give "a secondary security" for the payment of notes of the partnership of which he was a member, already secured by a mortgage of partnership real estate, executed a mortgage on her separate real estate, they became sureties for the firm, and she is entitled to have the property mortgaged by the firm exhausted before her real estate can be subjected to the payment of such firm debts.

SAME.—*Mortgagees not Debarred of Foreclosure.*—Mortgagees not provided for in a decree of foreclosure" are not by it debarred from afterward foreclosing the mortgage to make the debts owing to them and secured thereby.

SAME.—*Personal Judgments Over.*—Personal judgments over against a married woman and her husband, on the promise contained in their mortgage on her separate real estate to secure debts of a firm of which he was a member, were erroneous.

SAME.—Such promise of a married woman is not binding upon her.

Moffitt *et al. v.* Roche *et al.*

SAME.—*Judgment.*—*Firm Notes.*—*Parties.*—*Practice.* — In such case, it is error to render a personal judgment over against the husband on the promise contained in the mortgage, he being a surety, or on notes of the firm, over his plea of the non-joinder of the other joint makers and his showing that they are within the jurisdiction of the court.

From the Huntington Circuit Court.

*W. H. Trammel*, for appellants.
*L . P. Milligan* and *A. Moore*, for appellees.

NEWCOMB, C.—The pleadings and evidence in this case present the following state of facts: The appellants executed to John Roche their three promissory notes for $100 each, and secured them by a mortgage on real estate. Subsequently the firm of Moffitt, McCurdy & Co., of which Patrick W. Moffitt was a member, executed their notes as follows: To John Roche for $1,000 ; to William Ewing, $500 ; to Ewing & Bro., $500 ; to Enos Taylor, $500 ; to Frederick Dick, $500 ; to Patrick O'Brien, $500 ; to Abraham Mishler, $500 ; to John Mishler, $500, and to Jacob Weber for $250. These partnership notes were secured by a mortgage on partnership real estate and personal property, executed by the several members of the firm. To further secure said partnership notes, and as "a secondary security," as described therein, the appellants executed another mortgage upon certain other real estate, the separate property of Ann R. Moffitt, who was the wife of Patrick W. Moffitt, said separate property being the same real estate so previously mortgaged to John Roche to secure his three notes above named. The notes executed by Moffitt, McCurdy & Co. were all of the same date, and matured at the same time. After their maturity, an action to foreclose said partnership mortgage was brought by John Lawler, the assignee of one of said notes. The several mortgagors and the mortgagees, except the assignor of Lawler, were made defendants. A portion of the defendant mortgagees filed cross complaints setting up their rights under the mortgage, and praying a fore-

closure thereof as to their notes, and all of them who asked such relief obtained judgment of foreclosure ; but the mortgagees, Roche, Mishler, O'Brien and William Ewing, suffered a default, and failed to assert their claims.   The decree rendered in the cause was silent as to their notes, and no rights of theirs were in terms concluded by the decree, unless a provision therein that, after the sale of the premises and the expiration of the time allowed by law for a redemption, "the said defendants shall be forever barred of all equity of redemption in the said mortgaged premises," had that effect.

In the present case the complaint of Roche consisted of two paragraphs, the first, setting up the mortgage securing the three $100 notes, the second declaring on the mortgage of the appellants given to secure the notes of Moffitt, McCurdy & Co. ; and in his complaint he alleged that the appellees John Mishler, Patrick O'Brien and William Ewing claimed some interest in the mortgaged premises, and they were made defendants to answer as to such interest.

Mishler, O'Brien and Ewing appeared and filed separate cross complaints, alleging the non-payment of the notes so executed to them by Moffitt, McCurdy & Co. and praying a foreclosure.

The only answer filed to the complaint of Roche was a general denial.   To the several cross complaints the appellants filed a general denial, and two special answers.   A demurrer to the second paragraph was sustained, to which the appellants excepted.

This paragraph set forth the facts as above stated relative to the purpose for which the separate mortgage of the appellants was executed ; the execution of the partnership mortgage and its foreclosure by a portion of the mortgagees ; the neglect of Mishler, O'Brien and Ewing to assert their claims in that action ; the sale of the property pursuant to said foreclosure ; and further that the property so foreclosed and

.sold was worth three times the amount of all the incumbrances against it, and that the real estate sought to be subjected to foreclosure and sale by said cross complaints of Mishler, O'Brien and Ewing, was the separate property of .said Ann R., the wife of Patrick W. Moffitt.

In the decree rendered in the case under review, no notice was taken of the claim of Roche under the second paragraph of his complaint, but he received judgment on the notes mentioned in his first paragraph, and a foreclosure of the mortgage securing the same, which was adjudged to be the first and superior lien on said real estate. Subject to said lien the cross complainants, Mishler, O'Brien and Ewing, obtained a foreclosure and order of sale to satisfy the notes executed to them by Moffitt, McCurdy & Co.

The contention of the appellants is, that Ann R. Moffitt, by the execution of her mortgage, became surety for Moffitt, McCurdy & Co.; that, as such surety, she is entitled to have the property mortgaged by said firm exhausted before her real estate can be subjected to the payment of said debts, and that the cross complainants must first proceed against the property mortgaged to them by Moffitt, McCurdy & Co., or, if they are debarred of a remedy against said property by reason of the foreclosure by a part of the mortgagees, they must bear the loss occasioned by their negligence in failing to assert their rights under said mortgage in said foreclosure proceedings.

On the first of these propositions the law is clearly with the appellants. *Loomer* v. *Wheelwright*, 3 Sandf. Ch. 135; *Wilcox* v. *Todd*, 64 Mo. 388; *Johns* v. *Reardon*, 11 Md. 465; *Knight* v. *Whitehead*, 26 Miss. 245; *Wright* v. *Austin*, 56 Barb. 13; *Neimcewicz* v. *Gahn*, 3 Paige, 614; *Gahn* v. *Neimcewicz's Ex'rs*, 11 Wendell, 312; *Sheidle* v. *Weishlee*, 16 Pa. St. 134; *Vartie* v. *Underwood*, 18 Barb. 561; Jones Mortgages, secs. 114, 1706.

The second proposition need not be considered, as it was

held by this court at the present term, in another case,. *Moffitt* v. *Roche*, 76 Ind. 75, that the foreclosure, by Lawler and others, of the Moffitt, McCurdy & Co. mortgage,. did not debar the mortgagees who were not provided for in that decree from afterward foreclosing said mortgage to make the debts owing to them, and which were secured thereby.

In addition to the matters heretofore stated to have been pleaded in the second paragraph of the answer of the appellants, it was alleged therein that McCurdy and Gatshall, the other members of the firm of Moffitt, McCurdy & Co., were necessary parties defendants to said cross complaints, and that they were residents of Allen county, Indiana. This paragraph was verified by the affidavit of Patrick W. Moffitt.

The court rendered personal judgment against both the appellants for the amount due on the several notes held by the cross complainants, as well as a judgment of foreclosure. It was error to render a personal judgment against Ann R.. Moffitt. She was not a party to the notes of Moffitt, McCurdy & Co., and, of course, not liable thereon. The mortgage of herself and husband contained the usual promise found in such instruments, to pay the debt thereby secured, but her answer stated, and it also appeared on the face of the mortgage, that when she executed it she was a married woman. Such promise was not, therefore, binding upon her.

It was also erroneous to render a personal judgment over against Patrick W. Moffitt. The cross plaintiffs were not. entitled to such judgment on the promise contained in the mortgage, for, as to that, he occupied the relation of a surety for the firm of Moffitt, McCurdy & Co., and the mortgage itself purported to be a secondary security for the debts of said firm. Nor was he liable to a separate judgment on the notes of Moffitt, McCurdy & Co., after pleading.

in abatement the non-joinder of the other joint makers, and showing that they were within the jurisdiction of the court.

For the errors of the circuit court in sustaining the demurrer to the second paragraph of the answer of the appellants, and in overruling their motion for a new trial, the judgment in favor of the appellees John Mishler, Patrick O'Brien and William Ewing, ought to be reversed, but the judgment in favor of the appellee John Roche should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgments below in favor of the appellees John Mishler, Patrick O'Brien and William Ewing, be, and they are hereby in all things reversed, at the costs of said appellees; and that the said judgment in favor of the appellee John Roche, against said appellants, be, and the same is hereby, affirmed; and this cause is remanded to the Huntington Circuit Court, with instructions to grant the appellants a new trial in the cross actions of said Mishler, O'Brien and Ewing, and to overrule the demurrer to the second paragraph of the answer of the appellants to said cross complaints, and for further proceedings in accordance with said opinion.