No. 12,168.

ROCHE v. MOFFITT ET AL.

MORTGAGE.—*Foreclosure.*—*Personal Judgment.*—*Promissory Note.*—*Complaint.*
—*Exhibit.*—Where a complaint to foreclose a mortgage, and for personal
judgment on the note secured by it, does not set out or exhibit the note
or a copy, it is bad on demurrer.

SAME.—*Practice.*—Where the complaint demands judgment for a specified
sum, and the plaintiff takes a personal judgment on the note secured
by the mortgage, he can not claim on appeal that his demand was for a
foreclosure merely.

From the Huntington Circuit Court.

*J. B. Kenner, J. I. Dille, L. P. Milligan* and *O. Whitelock,*
for appellant.

*B. M. Cobb* and *B. F. Ibach,* for appellees.

NIBLACK, C. J.—This action, in its original form, was
simply and only a proceeding by John Roche against Patrick
W. Moffitt and Ann R. Moffitt, his wife, as mortgagors, and
John Mishler, Patrick O'Brien and William Ewing, as per-

sons having some interest in the mortgaged lands, to foreclose a mortgage on certain real estate in Huntington county.

Mishler, O'Brien and Ewing filed cross complaints, each setting up and asserting a separate interest in the mortgaged lands as mortgage creditors holding a lien thereon. Upon the proceedings which ensued, the plaintiff, Roche, obtained a decree of foreclosure against Moffitt and wife, and Mishler, O'Brien and Ewing severally had judgment in their favor, in the nature of a several decree of foreclosure, upon their respective cross complaints. An appeal to this court resulted in a reversal of so much of the general decree entered in the premises as constituted a judgment in favor of Mishler, O'Brien and Ewing respectively. *Moffitt* v. *Roche*, 77 Ind. 48. Another branch of some of the matters involved in this appeal, was also before this court in the case of *Moffitt* v. *Roche*, 76 Ind. 75.

After this cause was remanded to the circuit court, the children and heirs at law of Mishler, who had in the meantime died, as was alleged, intestate and without leaving any unpaid indebtedness against his estate, filed an amended and substituted cross complaint against the plaintiffs, and all their co-defendants, averring that they were then the holders and owners of the note executed to the said Mishler by Moffitt, McCurdy & Co., and more particularly described in the opinion in *Moffitt* v. *Roche*, 77 Ind. 48, and praying judgment for $1,500, and the foreclosure of the mortgage given to secure the payment of that and other notes, to which reference is also made in the same opinion. Like amended and substituted cross complaints were severally filed by O'Brien and Ewing upon the notes held by them respectively. Several new parties defendants were also made after the cause was remanded. Demurrers were severally overruled to all the cross complaints, filed as above, and issues being formed upon them, the circuit court made a finding that the cross complaints were based upon the promissory notes respectively counted upon by them; that there was then due and owing to the

said children and heirs at law of Mishler, upon the note held by them for principal, interest and attorney's fees, the sum of $961.27 ; that said children and heirs at law were entitled to a foreclosure of the mortgage set out in their cross complaint as against the plaintiffs, as well as against all their co-defendants. A judgment of recovery was thereupon rendered in favor of Mishler's children and heirs, against all the defendants to the cross complaint except O'Brien and Ewing, and a decree of foreclosure of the mortgage was accordingly entered. Like findings were respectively made, and like judgments and decrees were severally rendered in favor of O'Brien and Ewing, excepting in each judgment of recovery only the other co-cross complainants.

Neither the note described, nor a copy of it, was filed with the amended and substituted cross complaint of Mishler's children and heirs, and counsel for Roche claim that for that cause, if for no other, his demurrer to that cross complaint ought to have been sustained. Counsel upon the other side, in response, argue that the cross complaint in question did not really demand a personal judgment on the note, but was only, in its legal effect, a complaint for the foreclosure of the mortgage executed to secure the note, citing the cases of *Shin* v. *Bosart*, 72 Ind. 105, and *Sperry* v. *Dickinson*, 82 Ind. 132, as sustaining the position that, in the case of a demand for a foreclosure merely, neither the note, nor a copy of it, need be filed with the complaint.

We are unable to place upon the cross complaint the construction which counsel for the appellees thus seek to maintain. As has been seen, that pleading contained a general demand for judgment for a specified sum upon the facts alleged by it, that is, upon the indebtedness evidenced by the note, and that was followed by a finding as to the amount due upon the note, including attorney's fees stipulated for by it. Upon that finding counsel for the complainants in the cross complaint took a personal judgment against all the remaining parties to the suit besides themselves, except two.

By these proceedings counsel, lastly above named, inferentially gave the cross complaint a construction different from that which they now ask us to place upon it—a construction from which it is now too late for them to recede.

The demurrer to the cross complaint of Mishler's children and heirs ought, therefore, to have been sustained, and for that reason the judgment entered upon that cross complaint must be reversed.

It is neither practicable nor necessary that we shall enter into a review of all the pleadings upon which questions are made, or attempted to be made, at the present hearing. It is sufficient for us now to say that enough was shown by the pleadings in question to indicate very clearly that the controversy which resulted in this appeal is one in which all the parties interested in the mortgaged lands ought to be at the same time before the court below, and in which the equities, as between all such parties, ought to be adjusted in connection with the final decree of foreclosure which it may be necessary to enter against any and all of the mortgaged lands. For the reasons already given, the personal judgments rendered in favor of O'Brien and Ewing upon their respective cross complaints were erroneously rendered as against all the parties who became defendants in such judgments, except the surviving members of the firm of Moffitt, McCurdy & Co., and, on that account, those judgments, as they now remain of record, would stand in the way of a proper future and final adjustment of the respective rights of those interested in or having claims upon the mortgaged lands in question. Consequently, those judgments, as well as the decrees of foreclosure which were entered upon them, ought also to be reversed. Works Ind. Prac., sections 417, 418; 2 Jones Mortg., sections 1283, 1381, 1382, 1435.

The respective judgments upon the cross complaints, herein above named, are accordingly reversed, with costs, one-third to be taxed against Elizabeth Mishler, Joseph Mishler, Abraham Mishler, Jacob Mishler and Mary Doub, as the chil-

dren and heirs at law of John Mishler, deceased, one-third against Patrick O'Brien, and the remaining one-third against William Ewing, and the cause is remanded for further proceedings not inconsistent with this opinion.

Filed Dec. 29, 1885; petition for a rehearing overruled June 17, 1886.