# 660    SUPREME COURT OF INDIANA,

No. 16,070.

O'BRIEN ET AL. *v.* MOFFITT ET AL.

MORTGAGE.—*Foreclosure.*—*Proper and Necessary Parties.*—*Judgment by Default.*—*Conclusiveness of.*—*Admission.*—All persons claiming an interest in mortgaged premises are proper, if not necessary, parties to a suit in foreclosure; and, when made parties, a judgment by default is as conclusive against the judgment defendants, as to any matter admitted by the default and adjudicated by the judgment which ensued, as any other form of judgment; and, under such circumstances, a failure by the defendant to assert an interest is virtually an admission that he has no interest in the property adverse to the plaintiff.

SAME.—*Foreclosure by One of Several Mortgagees as to Separate Claim.*—*Effect on Other Mortgagees Holding Separate Claims Secured by the Same Mortgage.*— *Mortgagor's Right of Redemption as to Each Mortgagee.*—A suit by one of several mortgagees to foreclose as to his separate note, secured by the same mortgage securing others, does not merge the claims of the other mortgagees, and does not preclude them from foreclosing and selling, and the mortgagors' right of redemption as to each mortgagee could not be lost to the mortgagors, simply by several foreclosures as to each mortgagee instead of the united foreclosure of all the mortgagees.

PRACTICE.—*Supreme Court.*—*Former Decision in Matter Collateral to Pending Case.*—*When Former Decision will not Operate as a Rule in Latter.*—The Supreme Court will not presume that in a former case not affecting the rights of the same parties appellant, but collateral to such case, the court adjudicated a question not before it so as to make that decision a rule of the case upon new questions arising thereafter between other parties.

REDEMPTION.—*Right of Against Assignees of Purchaser.*—*Foreclosure of Mortgage.*—*Sale.*—The assignees of a certificate of purchase, under the foreclosure of a mortgage, occupy no better position in relation to the property than the purchaser, and, if a right of redemption existed against the purchaser, the same right exists against the assignees.

SAME.—*Manner of Making.*—*Statute Construed.*—The words "terms and conditions," as used in section 774, R. S. 1881, relating to redemption by lien holders other than judgment creditors, mean the manner of redemption as provided for judgment creditors.

ESTOPPEL.—*Mortgage.*—*Primary and Secondary Security.*—*Forfeiture of Right in Primary Estops Procedure on Secondary.*—Where the holders of a mortgage as primary security forfeited their right to foreclose on the same by permitting an adjudication which estopped them to pursue it, they are also estopped from enforcing a mortgage as secondary security, not being

O'Brien *et al.* *v.* Moffitt *et al.*

entitled to proceed against the secondary security until they have exhausted the primary.

LIEN.—*Forfeiture of.*—*Knowledge of by Others.*—*Does not Increase or Give New Equities.*—The knowledge by parties interested in the same subject-matter that others interested in the same had lost their lien on the same can not increase or give new equities to the latter.

From the Huntington Circuit Court.

*B. M. Cobb* and *B. F. Ibach*, for appellants.

*W. H. Trammel*, *J. B. Kenner* and *U. S. Lesh*, for appellees.

HACKNEY, J.—In June, 1877, John Roche instituted proceedings in the Huntington Circuit Court to foreclose a mortgage for three hundred dollars, balance of the purchase price for a house and lot in Huntington, executed by Ann R. Moffitt and Patrick W. Moffitt.

To the suit by Roche the mortgagees were defendants and the appellants were made parties to answer as to their interests. The appellants, in January, 1884, after the cause had returned from the Supreme Court (as reported in 77 Ind. 48), filed three separate and substituted amended cross-complaints against the appellees. Upon issues on said cross-complaints there was a trial by the court, a special finding, and a judgment for the appellees. There are numerous assignments of error, but we will consider only such as present the question of the correctness of the conclusions of law upon the special findings of facts by the court, some of the assignments being waived by the failure to present them in argument, and others being lost by the absence of the evidence from the record.

The following is a summary of the special finding:

*First.* January 6th, 1862, Ann R. and Patrick W. Moffitt executed to John Roche a purchase money mortgage for $300 on a house and lot.

*Second.* July 12th, 1869, Moffitt and wife, McCurdy and wife, and Gotshall and wife gave a mortgage on foundry property, to secure nine notes of the same date, due in five

years, as follows: to John Roche, $1,000; Wm. Ewing, $500; Ewing Bros., $500; Enos T. Taylor, $500; Frederick Dick, $500; Patrick O'Brien, $500; Abram Michler, $500; John Michler, $500, and Jacob Weber, $250.

Gotshall conveyed his interest to Patrick Moffitt, and McCurdy conveyed to Thomas Roche.

*Third.* July 12th, 1869, Ann R. and Patrick Moffitt executed a mortgage on said house and lot as secondary security for said several notes, in finding two above.

*Fourth.* Abram Michler assigned his note to John Lawler, and Ewing Bros. assigned their note to Cyrus Meely.

*Fifth.* October 8th, 1875, Lawler sued to foreclose against the foundry property, making defendants the mortgagees, the mortgagors, Meely, and Thomas Roche and wife.

There were judgments for Lawler, Dick, Taylor, Weber, and Meely against Patrick Moffitt and Thomas Roche, and a foreclosure in their favor against all other defendants. Upon these judgments such payments were made as that $1,100 remained due April 7, 1877.

*Sixth.* There was a decree and sale of foundry property to John Roche April 7, 1877.

*Seventh.* There was no redemption, and a deed was made by the sheriff to John Roche April 7, 1878.

*Eighth.* May 19th, 1877, John Roche sued to foreclose his purchase money mortgage on the house and lot, making the Moffitts and John Michler, Wm. Ewing and Patrick O'Brien defendants. Michler, Ewing and O'Brien cross-complained against the Moffitts. Roche recovered judgment against the Moffitts for $309.35 and a foreclosure against all the defendants. Michler, Ewing and O'Brien recovered judgment against the Moffitts, foreclosing the "secondary security" mortgage on the house and lot. The Moffitts appealed from the judgments and the Roche judgment was affirmed, while the judgment as to O'Brien *et al.* was reversed.

*Ninth.* May 21st, 1877, John Roche sued to foreclose

the foundry mortgage as to his $1,000 note.  He made defendants the Moffitts, Thomas Roche, Hannah Roche, his wife, Ewing, O'Brien and Michler.  There was personal judgment against Patrick Moffitt and Thomas Roche, and foreclosure against all of the defendants.  The Moffitts appealed and the judgment was affirmed.

*Tenth.*  In 1883, on decree, the foundry was sold to John Roche under the foreclosure (9) for $2,180, the full value of the property, and there was no redemption.

*Eleventh.*  March 6th, 1883, on decree, the house and lot was sold to John Roche, under foreclosure (8) of purchase money mortgage.

*Twelfth.*  March 1st, 1884, John Roche transferred certificate of purchase for house and lot to Ewing, O'Brien and Michler.

*Thirteenth.*  March 1st, 1884, the Moffits executed a mortgage on the house and lot to Trammel to secure a pre-existing debt of $1,500.  March 5th, 1884, Trammel redeemed said house and lot from sale of March 6th, 1883, by paying the necessary amount to the clerk, which amount John Roche received, said Trammel not knowing of the transfer of the certificate to Ewing *et al.*

*Fourteenth.*  March 6th, 1884, Trammel brought suit against the Moffitts to foreclose the mortgage of the house and lot given March 1st, 1884, and obtained judgment for $1,658, a foreclosure of the mortgage and a decree maintaining a lien on the property for the redemption money so paid.

There was an order of sale in the nature of a *venditioni exponas*, and there was a sale to Enos T. Taylor for $2,154.59, a deed was made to Taylor and a subsequent sale by him to Wesley W. Hawley.

*Fifteenth.*  During the pendency of said action and cross-action, Trammel was the active attorney for the Moffitts, and had actual knowledge of the equities of O'Brien, Ewing and Michler.

· *Sixteenth.* When Taylor purchased, and when Hawley purchased, both knew of·the action by O'Brien, Ewing and Michler, and of their equities.

*Seventeenth.* The notes of O'Brien, Ewing and Michler are not paid, and there is due upon each $1,285.11.

### CONCLUSIONS OF· LAW.

*First.* John Roche owns in fee the foundry property, and his title should be quieted.

*Second.* Hawley owns in fee the house and lot, and his title should be quieted.

*Third.* O'Brien, Ewing and Michler should each recover from Patrick Moffitt and Thomas Roche $1,285.11.

The brief for the appellants is illegible, contains words having no proper place in the sentences to which they are assigned, omits many words necessary to the comprehension of the sentences from which they are omitted, and fails to make citations to the record and of authority, when they would seem to be important. However, we gather from it that the appellants contend that the first and second conclusions of the court are not authorized by the facts found, *first,* because the adjudication, sale and deed, shown by the fifth, sixth and seventh findings of facts constitute no bar to the proceeding by the several cross-complaints in this cause, as to the' foundry property, under the mortgage found in the second finding of facts; that 'this position has been adjudicated in their favor, in this cause, by this court, and, therefore, becomes the law of the case throughout all of its stages; and that it is further contended that the title of Hawley to the house and lot, through the Roche foreclosure in the eighth finding, sale under the eleventh finding, redemption under the thirteenth finding, and through the mortgage, foreclosure, redemption money lien, sale and subsequent transfers as shown by findings thirteen and fourteen, is not superior to the rights and equities of the appellants.

Under the issues it became necessary for the court to determine whether, in the Lawler foreclosure, the defendants thereto, O'Brien, Ewing and Michler, who were adjudged to have no interest in the mortgaged premises, were estopped to foreclose for their benefit, the same mortgage, in a subsequent suit. The finding recites that it was alleged, as to them, that they claimed some interest in the premises mortgaged. It does not appear whether they were defaulted or filed pleadings setting up their claims. The most favorable view of the finding, as to the appellants is that they were defaulted, for if they made an affirmative issue there could be no doubt that they were precluded by the decree.

They were mortgagees holding separate claims secured by the same mortgage securing the claim of Lawler, and were proper parties defendant to the proceeding of Lawler to foreclose. *Goodall* v. *Mopley*, 45 Ind. 355; *Cain* v. *Hanna*, 63 Ind. 408; *Minor* v. *Hill*, 58 Ind. 176.

If they were not actually made parties, the decree would, of course, not preclude them as held by the cases just cited and in effect by the case of *Moffitt* v. *Roche*, 76 Ind. 75. All persons claiming an interest in the mortgaged premises are proper parties, if not always necessary parties. When made parties it is often important to ascertain what interest is, expressly or by necessary implication, sought to be adjudged against them, and when ascertained, it has been held by a long line of decisions in this State, to that extent, that they are precluded by a default or by failure to set up their real interests. A judgment by default is as conclusive upon the judgment defendant as to any matter admitted by the default and adjudicated by the judgment which ensues, as any other form of judgment. *Barton* v. *Anderson*, 104 Ind. 578; Freeman on Judgments, sections 248, 330.

In the last case cited it was said: "As applicable, however, to a suit to foreclose a mortgage, and other kindred

suits, in the nature of a proceeding *in rem*, where a party, is made a defendant to answer as to his supposed or possible, but unknown or undefined, interest in the property, we think that, as against him, a default ought to be construed as an admission that, at the time he failed to appear as required, he had no interest in the property in question, and hence as conclusive of any prior claim of interest or title adverse to the plaintiff. Any less rigid rule of construction might, and in many cases doubtless would, defeat the very object properly had in view in making the party a defendant to answer as to his supposed or possible interest in the property involved, to the end that all claims to or against such property might be adjusted by the final judgment or decree, and further litigation thereby avoided." Citing authorities.

In *Craighead* v. *Dalton*, 105 Ind. 72, the rule and the reason for it are stated with clearness and precision as follows: " Since the adoption of the code it has been the rule in this State that where parties are brought into court upon a complaint to foreclose a mortgage and are challenged to assert such interest or title in the land as they may have, a decree adjudging that they have no title or interest will conclude them. One of the leading purposes of a suit to foreclose a mortgage is to secure such a decree as will enable the plaintiff to sell all the right and title that his mortgage covers, and enable a purchaser at the sale to ascertain what title it is that he buys. To attain this end it is necessary that all the claims held against the mortgaged premises should be adjusted in one suit. This the spirit of our code requires, for it makes ample provision for bringing all the interested parties into court and for adjusting all conflicting claims and equities. The rule is a salutary one, it tends to repress litigation, gives confidence in public records, secures respect for judgments and decrees and invests sheriffs' sales with strength and cer-

tainty that do much to promote the interests of both debtor and creditor."

We cite the following cases to the general proposition that one made a party to a suit to foreclose a mortgage, where it is alleged that he claims some interest in the property, and the relief sought against him is to foreclose his equity of redemption, if he have such an interest, he is required thereby to assert his interest, and failing to do so he is precluded by the judgment and decree of foreclosure against him. *Elwood* v. *Beymer*, 100 Ind. 504; *Crane* v. *Kimmer*, 77 Ind. 215; *Parker, Admr.,* v. *Wright*, 62 Ind. 398; *Newcome* v. *Wiggins, Rec.*, 78 Ind. 306; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581; *Hoes* v. *Boyer*, 108 Ind. 494; *DeHaven* v. *Musselman*, 123 Ind. 62; *Koons* v. *Carney*, 87 Ind. 34; *Bowen* v. *Wood*, 35 Ind. 268; *Buchanan* v. *Berkshire Life Ins. Co.*, 96 Ind. 510; *Porter* v. *Reid*, 81 Ind. 569; *Greenup* v. *Crooks*, 50 Ind. 410; *Davenport* v. *Barnett*, 51 Ind. 329, and the cases from which we have quoted.

We have no case to the contrary, and we know of no case where such right is not lost, unless expressly reserved or excluded from the operation of the decree.

The case of *Moffitt* v. *Roche, supra*, is urged upon us as not only at variance with the rule we have found, but as establishing, for the purposes of this proceeding, a rule, however erroneous, nevertheless the law of the case. That was an appeal by the Moffitts and Thomas Roche and wife, from a judgment in favor of John Roche, foreclosing said foundry mortgage as to his note for $1,000. The foreclosure was decreed not only against the Moffitts and Thomas Roche and wife, but also as to O'Brien, Ewing and Michler, as we learn from the ninth finding in this case. The appellants there urged no question of former adjudication; only two questions were made, namely: the sufficiency of the plaintiff's second paragraph of complaint, and the first paragraph of the defendant's answer.

The character of the answer is not disclosed, but the court said it was not error to sustain a demurrer to it, as it at most only affected questions of cost. The second paragraph of complaint there reviewed is, in substance, set out in the opinion. It discloses the Lawler foreclosure and sale, but does not disclose the adjudication in that foreclosure against O'Brien, Ewing and Michler, or even that they were parties. The effect of the point against the paragraph of complaint, and of the decision upon it, is that a suit by one of several mortgagees to foreclose, as to his separate note, secured by the same mortgage securing others, does not merge the claims of the other mortgagees, and does not preclude them from foreclosing and selling, and the mortgagors' rights of redemption, as to each mortgagee, could not be lost to the mortgagors simply by several foreclosures as to each mortgagee instead of the united foreclosure of all the mortgagees.

We will not presume that this court adjudicated a question not before it, in a case not affecting the rights of these appellants, so as to make that decision a rule of the case upon new questions arising thereafter between other parties, although possibly in proceedings collateral to such case.

We find in the record no error as to the appellee Roche.

The title of the appellee Hawley to the house and lot, through the redemption from the Roche sale, as found in the thirteenth and fourteenth special findings, is attacked for an alleged irregularity in the payment of the redemption money to the clerk of the Circuit Court instead of the appellants, who held, as assignees of Roche, the certificate of purchase. The Revised Statutes of 1881, section 768, provides the right and the manner of redemption by the owner of lands sold; sections 771, 772 provide the right and the manner of redemption by judgment creditors, and section 774 provides the right of redemption by lien holders other than judgment creditors, " upon the same terms

and conditions as (therein) herein before required in cases of redemption by judgment creditors."

The " terms and condition," taking together all of these sections with the fact that section 774 does not provide the manner of making the redemption, mean the manner of redemption provided as to judgment creditors.

This manner was pursued by Trammel, as found by the court, and the subsequent sale and title under section 773, R. S. 1881, by *venditioni exponas,* seem to be regular, as found by the court below.   See *Hervey* v. *Krost,* 116 Ind. 268.

If the appellants held any enforcible interest in the house and lot at the time of the redemption, it was by and through the Roche certificate of purchase transferred to them.   By the assignment of the certificate they occupied no better relation to the property than Roche occupied before the transfer.   It can not be maintained that Trammel could not have redeemed from Roche, and if not, why not from his assignees, the appellants?   The appellants desire to treat their purchaser of the certificate from Roche as a redemption, by them, from the sale in his behalf, and they cite *Westerfield* v. *Kimmer,* 82 Ind. 365, in support of this proposition.

In that case it was held that a title acquired under sheriff's sale in 1872 was strengthened by the purchase of the decree of 1876; that such purchase operated not as a redemption or assignment, but as a cancellation.   There is no analogy between the two positions.

O'Brien, Ewing and Michler had no recourse upon the house and lot under their mortgage as secondary security, until they had exhausted the foundry property, held as primary security.   This was expressly held against them in *Moffitt* v. *Roche,* 77 Ind. 48.   When, as we have here held, they forfeited their remedy against the primary property, by permitting an adjudication which estopped them to pursue it, the circumstances were such as to re-

lease their lien against the house and lot, the secondary security.

In this view of the question, the appellants were entitled to no foreclosure of either of the mortgages sought in their cross-complaints to be foreclosed. The knowledge of Trammel, Taylor and Hawley, as found by the court in the fifteenth and sixteenth special findings, that the appellants had lost their lien on the house and lot, did not increase the equities of O'Brien, Ewing and Michler, nor give them new equities.

We find no error in the record.

The judgment is in all things affirmed.

Filed February 22, 1893.